NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-2951

DAVID ZDRAVETZ EVDOKIMOW,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

On Petition for Review of an Order of the
Department of Homeland Security
(DHS-1: A076-556-789)

Argued April 13, 2022

Before: AMBRO, BIBAS, and ROTH, Circuit Judges

(Opinion filed: August 4, 2022)

Stephen C. Fleming **(Argued)**
Suite 601
119 South Burrowes Street
State College, PA  16801
   Counsel for Petitioner

Kathryn M. McKinney **(Argued)**
United States Department of Justice
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, DC  20044
   Counsel for Respondent

Craig R. Shagin **(Argued)**
Kathryn Paradise
The Shagin Law Group, LLC
120 South Street
Harrisburg, PA  17101
        Counsel Amicus Curiae

---

**OPINION**[*]

---

AMBRO, <u>Circuit Judge</u>

David Evdokimow, a Swedish citizen, entered the United States in 1992 to study medicine as a J-1 non-immigrant exchange visitor.  In 2020 he was ordered to leave as a non-citizen convicted of an aggravated felony.  He now challenges that order of removal, arguing it was not supported by clear and convincing evidence.  Based on the indictment, the judgment of conviction, and sentencing-related materials, we believe the Department of Homeland Security (DHS) sufficiently showed Evdokimow's conviction met the threshold for an aggravated felony under either 8 U.S.C. § 1101(a)(43)(M) or (U).  We thus deny his petition.

**I.**

As a plastic surgeon, Evdokimow built a lucrative reconstructive surgery practice in northern New Jersey.  But as his practice grew, so did his tax liability.  To lessen that liability, Evdokimow began falsely reporting his taxable income in both his corporate and personal tax filings.  He filtered funds through shell companies and claimed those expenses

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

as business expenses, yet he actually used them for personal purposes. Evdokimow also omitted from his tax returns much of the cash and check payments he received directly from patients (as they, unlike insurance companies, do not report their payments to the IRS). His unpaid tax obligations from tax years 2006–2010, according to the Government, totaled $2,978,774 ($2,043,298 in unpaid corporate taxes and $935,476 in unpaid personal taxes).

Evdokimow did not evade the IRS's review for long. The Government launched an investigation, and he was charged in an eight-count indictment: one count of conspiracy to defraud the United States under 18 U.S.C. § 371, four counts of personal income tax evasion (and attempt) under 26 U.S.C. § 7201 and 18 U.S.C. § 2, and three counts of corporate tax evasion (and attempt) under 26 U.S.C. § 7201 and 18 U.S.C. § 2. Evdokimow opted for trial, and a jury found him guilty on all counts. The District Court imposed a 36-month sentence and ordered a $96,000 fine.

This conviction also had broader consequences. As a Swedish citizen present in the United States on an O-1 visa, Evdokimow could be removed through expedited proceedings if his conviction qualified as an "aggravated felony." 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228(b); 8 C.F.R. § 238.1. Following his term of imprisonment, the DHS decided to begin the removal process. In August 2020, the DHS issued a notice of intent to issue a Final Administrative Removal Order (FARO). It alleged Evdokimow was not a citizen of the United States or a lawful permanent resident and was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been "convicted of an aggravated felony as defined in" 8 U.S.C. § 1101(a)(43)(M), (U). A.R. at 4. These provisions, taken together,

mean an "aggravated felony" is an offense or "an attempt or conspiracy to commit an offense" that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," or "is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000." 8 U.S.C.§ 1101(a)(43)(M), (U).

When Evdokimow failed to challenge the allegations,[1] the DHS issued the FARO and ordered him removed from the United States to Sweden. He now seeks our review of that order.

## II.

Federal courts have no "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony—the ground for Evdokimow's removal. *See* 8 U.S.C. § 1252(a)(2)(C). But we may review constitutional claims and questions of law, including whether a conviction qualifies as an aggravated felony. *See id.* § 1252(a)(2)(D); *Wang v. Att'y Gen.*, 898 F.3d 341, 343 (3d Cir. 2018).

The Government insists, though, that our jurisdiction to answer even that question is limited because, under 8 U.S.C. § 1252(d)(1), Evdokimow needed to exhaust his challenge to the DHS's aggravated felony designation before petitioning for our review. Not so. That subsection requires exhaustion only of "administrative remedies available to

---

[1] In October 2020, Evdokimow's attorney filed with the DHS a notice of appearance and a response to the notice of intent requesting "an opportunity to review the evidence the Government is relying upon to establish removability and an opportunity to rebut the charges." A.R. at 74–75. Nothing in the record shows, nor does Evdokimow contend on appeal, that he tried to rebut or challenge this evidence.

the alien as of right." 8 U.S.C. § 1252(d)(1). And legal challenges, like to an aggravated felony designation, are "unavailable to aliens during expedited removal proceedings." *Jacome v. Att'y Gen.*, 39 F.4th 111, 121 (3d Cir. 2022). Evdokimow need not—and indeed could not—raise this issue before the DHS prior to bringing it to our Court. So we have jurisdiction to review his petition.

## III.

## A.

Under the Immigration and Nationality Act, the DHS may use expedited proceedings to remove "an alien" who has "not been lawfully admitted for permanent residence" and who was convicted of an "aggravated felony." 8 C.F.R. § 238.1(b); *see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228(b). The DHS, following these procedures, ordered Evdokimow removed based on its assessment that his federal conviction was an aggravated felony. Because this is a legal conclusion, we take a fresh look at it; that is, we review it *de novo*. *Wang*, 898 F.3d at 343.

An aggravated felony includes, among other things, (1) an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," (2) an offense "described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000," or (3) "an attempt or conspiracy to commit" one of those offenses with over $10,000 in intended losses.[2] 8 U.S.C. § 1101(a)(43)(M), (U); *Rad*

---

[2] Evdokimow does not challenge the DHS's conclusion that his conviction was an offense that either "involve[d] fraud or deceit" or was "described in section 7201 of title 26." 8 U.S.C. § 1101(a)(43)(M).

*v. Att'y Gen.*, 983 F.3d 651, 670 (3d Cir. 2020). We assess whether the $10,000 threshold has been met by using the "circumstance-specific approach." *Ku v. Att'y Gen.*, 912 F.3d 133, 139 (3d Cir. 2019). This means we examine the "specific way in which an offender committed the crime on a specific occasion," *Nijhawan v. Holder*, 557 U.S. 29, 34 (2009), rather than looking just to the elements of the crime (the categorical approach) or to the charging documents, plea agreement or jury findings, and judgments (the modified categorical approach), *Ku*, 912 F.3d at 139. The agency may examine all the documents permitted under those two more restrictive approaches *and* "others, including the presentence investigation report and any sentencing-related material," to determine whether the loss from the offense exceeds $10,000. *Ku*, 912 F.3d at 139 (internal quotation marks omitted).

Take, for instance, our analysis in *Ku*. There we held the criminal information, judgment, and restitution order all supported the conclusion that Ku's wire fraud conviction was an aggravated felony. 912 F.3d at 139–40. That information—to which Ku pled guilty—alleged she stole more than $950,000. *Id.* at 140. The judgment of conviction stated a loss of $954,515 and ordered restitution in that amount. *Id.* This collection of documents "provide[d] clear and convincing evidence that Ku's offense involved a loss of over $10,000." *Id.* Similarly, in *Wang* we looked to the superseding information, the presentence report, and the District Court's judgment that "specified a total loss of $2.2 million" and "ordered Wang to pay restitution in this amount." 898 F.3d at 349 (internal quotation marks omitted).

Here, as in those cases, the charging documents, judgment, and presence report show by clear and convincing evidence that Evdokimow's conviction involved an actual or intended loss greater than $10,000. The indictment charged Evdokimow with evading paying at least $1.5 million in taxes. The jury convicted him on all counts.[3] And the probation office's presentence report noted the "total tax loss" from Evdokimow's scheme was $2,978,774. A.R. at 50. Taken together, and absent any conflicting evidence, these charging and sentencing documents were enough to support the DHS's finding that the total loss from Evdokimow's scheme was far beyond $10,000.[4]

**B.**

Evdokimow also maintains that the DHS made two procedural errors in issuing his FARO. First, the Agency mailed the FARO to a wrong address, so he was not properly served with a copy under the DHS's regulations. Second, a line in the FARO incorrectly listed his offense as a theft offense under 8 U.S.C. § 1101(a)(43)(G) rather than a tax or fraud offense under 8 U.S.C. § 1101(a)(43)(M). Though Evdokimow does not specify a

---

[3] Evdokimow points out the "jury verdict form only indicates a finding of guilty without any finding as to loss amount." Pet. Br. at 15. But the Supreme Court has held that the Government need not point to a jury finding on the loss amount for it to show a conviction qualifies as an aggravated felony. *Nijhawan*, 557 U.S. at 41–42.

[4] To be sure, sometimes charging and sentencing documents will be insufficiently clear, and then the DHS's reliance on those documents will not satisfy the "clear and convincing" standard. For example, in *Rad v. Attorney General* we held the agency failed to show by clear and convincing evidence that an offense involved a loss of greater than $10,000 when the BIA tried to infer the loss determination based on the sentence imposed. 983 F.3d at 666–67, 669. There, the BIA "depended on an inference drawn from the criminal judgment," instead of "reviewing evidence from Rad's sentencing hearing." *Id.* at 658. Here, though, the DHS was not estimating the loss based solely on the sentence the District Court announced. It relied on sentencing documents (the presentence report) and the charging documents, each of which specifically designated a loss greater than $10,000.

basis for relief for these incidents, we deem it a due process claim. To succeed on such a claim, the petitioner must show (1) a fundamental procedural error, and (2) prejudice. *Salazar v. Barr*, 932 F.3d 704, 709 (8th Cir. 2019). And to establish prejudice, the petitioner must demonstrate "the outcome of the proceeding may well have been different had there not been any procedural irregularities." *Id.* (internal quotation marks omitted).

Assuming these procedural errors were "fundamental"—a point of which we are skeptical—Evdokimow does not try to argue he was prejudiced by them or that, alternatively, he should not be required to show prejudice. He thus abandoned those arguments. *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."). Even had he not, there was no prejudice. Evdokimow's counsel has now received the FARO in multiple forms, and he has timely challenged the order in federal court. Further, the incorrect statutory citation in one line in the FARO made no difference, as the order itself correctly cited § 1101(a)(43)(M) and (U), as did the notice of intent.

\*     \*     \*

David Evdokimow's tax evasion scheme cheated the Government out of nearly $3 million in tax revenue, according to the record from his criminal proceeding. This easily clears the $10,000 loss threshold for his conviction to qualify as an aggravated felony. He also has not shown that he is entitled to relief on any due process ground. We thus deny his petition for review.

8